UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE PETITION FOR APPROVAL OF SETTLEMENTS BETWEEN PRESTON CAVNER, STACIE CAVNER AND NORTHWEST SEAPLANES, INC. AND ITS INSURER, OLD REPUBLIC INSURANCE COMPANY. | No. 2:13-cv-02060 MJP<br><br>[PROPOSED] **ORDER GRANTING PETITION FOR APPROVAL OF SETTLEMENTS AND DECLARATION THAT PETITIONERS HAVE SATISFIED THEIR OBLIGATIONS TO CONSIDER AND PROTECT MEDICARE'S INTERESTS** |

This matter comes before the Court on the Petition for Approval of Settlements and Declaration that Petitioners Have Satisfied Their Obligation to Consider and Protect Medicare's Interests, which was filed jointly by Petitioners Stacie Cavner, Preston Cavner, Northwest Seaplanes, Inc., and Old Republic Insurance Co. The Court has reviewed and considered the filings on the docket, including but not limited to the following:

1. Petition for Approval of Settlements and Declaration that Petitioners Have Satisfied Their Obligation to Consider and Protect Medicare's Interests;
2. Declaration of Stacie Cavner in Support of Petition For Approval of Settlements and Declaration that Petitioners Have Satisfied Their Obligation to



LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

Consider and Protect Medicare's Interests;

3. Declaration of Jennifer Gates in Support of Petition For Approval of Settlements and Declaration that Petitioners Have Satisfied Their Obligation to Consider and Protect Medicare's Interests;

4. Declaration of David Howenstine and accompanying exhibits;

5. Additional briefing or documents filed, if any, including copies of the proposed settlement agreements and related briefing, subject to the Court's ruling on Petitioners' Joint Motion to File Proposed Confidential Settlements Under Seal; and

6. Supplemental Joint Submission in Support of Petition for Approval of Settlements.

Therefore, being fully advised, the Court GRANTS in full Petitioners' Petition for Approval of Settlements and Declaration that Petitioners Have Satisfied Their Obligation to Consider and Protect Medicare's Interests and FINDS that Petitioners Stacie Cavner, Preston Cavner, Northwest Seaplanes, Inc., and Old Republic Insurance Co. have satisfied any and all obligation to consider and protect Medicare's interests.

**FINDINGS OF FACT**

The Court makes the following findings of fact:

1. This matter arises out of the crash of a single-engine Cessna U206F aircraft in Anchorage, Alaska on June 1, 2010. The crash resulted in catastrophic injuries to the pilot, Preston Cavner, and his wife, Stacie Cavner, the Cavners' minor son H.C., and their babysitter, Rachel Zientek, and caused the death of the Cavners' other minor son, M.C.

2. In May 2012, the Cavners, the Zienteks, H.C.'s guardian ad litem, and the estate of M.C. ("Plaintiffs") filed a lawsuit against Northwest Seaplanes and two other



LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

defendants. The lawsuit was filed in King County Superior Court and is titled *Cavner, et al. v. Continental Motors, Inc., et al.*, Case No. 12-2-18837-8 SEA. Northwest Seaplanes is insured for these claims under a policy issued by the Old Republic Insurance Company.

3. Plaintiffs and Northwest Seaplanes recently reached settlements of all five Plaintiffs' disputed claims against Northwest Seaplanes arising out of the accident. The settlements do not require or anticipate creation of a Medicare Set-Aside account for future Medicare-covered medical services.

4. At the time of the accident, Preston Cavner and Stacie Cavner were not eligible for Medicare. Since the accident, however, Preston Cavner and Stacie Cavner have become eligible for Medicare.

5. With respect to past medical expenses, the Centers for Medicare & Medicaid Services ("CMS") notified Preston Cavner and Stacie Cavner that Medicare has not made any conditional payments for past medical expenses already incurred by either Preston Cavner or Stacie Cavner. The Cavners' medical expenses have been paid by entities other than Medicare.

6. Both Preston Cavner and Stacie Cavner expect to incur future medical expenses for treatment of injuries sustained in the accident and that those expenses will be covered by their health insurance. Both Preston Cavner and Stacie Cavner are insured by Premera/Blue Cross Blue Shield of Alaska.

7. Medicare does not currently require or approve Medicare Set Asides when personal injury lawsuits are settled.

8. Before filing this petition, counsel for Stacie Cavner contacted the Seattle Regional Office of CMS to inquire whether either the Seattle Regional Office or any other CMS office would review and issue approval of or objections to the determination by the



LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

parties that no Medicare Set-Aside for future medical expenses was necessary with respect to the proposed settlements. The Medicare Secondary Payer (MSP) Coordinator informed counsel that the Seattle Regional Office does not and will not review proposed liability settlements or determinations regarding Medicare Set-Asides made by parties to a personal injury lawsuit. The MSP Coordinator further indicated that if a request for review of a proposed settlement were submitted to the Seattle Regional Office by the parties, it is likely that the Office would provide no response whatsoever, not even an indication that the request for review was denied.

9. The settlement of the underlying case involves not only Preston Cavner and Stacie Cavner, but also the other Plaintiffs who are not Medicare beneficiaries. If the settlements with the Cavners are not approved, the consequence is that none of the settlements will be consummated.

10. Petitioners provided notice and a copy of the Petition for Approval of Settlements and Declaration that Petitioners Have Satisfied Their Obligation to Consider and Protect Medicare's Interests to the General Counsel for the U.S. Department of Health & Human Services, to the Associate General Counsel for the Centers for Medicare & Medicaid Services Division, to the Regional Chief Counsel for the Seattle Regional Office of the Centers for Medicare & Medicaid Services, and to the U.S. Attorney's Office for the Western District of Washington.

11. Preston Cavner's and Stacie Cavner's past medical expenses far exceed the amounts of their respective settlements, which demonstrates Petitioners are not attempting to maximize any aspect of the proposed settlements to Medicare's detriment.

12. There is no evidence that Petitioners, their attorneys, or any other party or party's representative is attempting to maximize other aspects of the settlements to



LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

Medicare's detriment.

**CONCLUSIONS OF LAW**

Based upon the foregoing findings of fact, the Court makes the following conclusions of law:

1. Medicare may obtain secondary payer status under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)(2), if payment has been made, or can reasonably be expected to be made, by a Primary Plan, which is defined to include a "liability insurance policy or plan." 42 U.S.C. § 1395y(b)(2)(A)(ii). A Primary Plan's responsibility for payment can be determined by judgment or settlement. 42 U.S.C. § 1395y(b)(2)(B)(ii).

2. Under existing federal law, parties are not required to include Medicare Set-Asides in personal injury settlements for future medical care. "[N]o federal law requires set-aside arrangements in personal injury settlements for future medical expenses." *Sipler v. Trans Am Trucking, Inc.*, 881 F. Supp. 2d 635, 638 (D.N.J. 2012). Guidance provided by the MSP Recovery Contractor confirms that Medicare Set-Asides are not required in personal injury cases. Likewise, CMS does not have any policies or procedures to review or approve personal injury settlement agreements or determine the need for Medicare Set-Asides in personal injury lawsuits (unlike workers compensation cases).

3. Federal courts recognize the strong public and judicial policies in favor of settling legal disputes. *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 215, 114 S. Ct. 1461 (1994); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "[T]here is an overriding public interest in settling and quieting litigation. It is well recognized that settlement agreements are judicially favored as a matter of sound public policy." *Ahren v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) (internal quotes and citations omitted).



LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

4. Here, there are compelling and cumulative bases for approving the proposed settlements without a Medicare Set-Aside and with a ruling that the parties have adequately considered and protected Medicare's interest.

5. Petitioners have taken seriously their obligation to reasonably consider and protect Medicare's interests as part of the settlements and Petitioners have acted in good faith to comply with their Medicare obligations and to protect Medicare's interests instead of simply executing the settlements without notice to CMS or a request for court approval.

6. The Court concludes that Medicare's interests have been adequately protected in the settlements within the meaning of the MSP.

7. The Court further concludes that Petitioners Stacie Cavner, Preston Cavner, Northwest Seaplanes, Inc., and Old Republic Insurance Co., as well as their attorneys and representatives, have satisfied any and all obligation to consider and protect Medicare's interests.

DATED this ___ day of _________________, 2014.

_______________________________
Marsha J. Pechman
Chief United States District Judge

MILLS MEYERS SWARTLING
Attorneys for Northwest Seaplanes, Inc. and
Old Republic Insurance Company

By: */s/Caryn Geraghty Jorgensen*
David M. Schoeggl
WSBA No. 13638
Caryn Geraghty Jorgensen
WSBA No. 27514



LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343